UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER JONES and,
KAYLEY-LYNN JONES

    **Plaintiffs,**

v.                                                               CASE NO.:

MAGIC BURGERS, LLC d/b/a
BURGER KING,

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JENNIFER JONES and KAYLEY-LYNN JONES, by and through the undersigned attorney, sue the Defendant, MAGIC BURGERS, LLC, a Foreign Limited Liability Company, and allege:

1. Plaintiffs were employees of Defendant and bring this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiffs were employees who worked for Defendant within the last three years in Volusia County, Florida.

3. Plaintiff, Jennifer Jones, worked for Defendant from around May 2018 to October 2018 as an hourly paid employee at an hourly rate of $8.25 per hour.

4. Plaintiff, Kayley-Lynn Jones, worked for Defendant from around July 2018

1

to October 2018 as an hourly paid employee at an hourly rate of $8.25 per hour.

5. Plaintiffs worked as store managers for Defendant.

6. Plaintiffs worked at store # 03457 located at 1798 SR 44 New Smyrna Beach, FL 32168.

7. At all times material to this cause of action, Plaintiffs were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked.

8. Defendant, MAGIC BURGERS, LLC, is a Florida Limited Liability Company that operates and conducts business in Volusia County, Florida and is, therefore, within the jurisdiction of this Court.

9. Defendant, MAGIC BURGERS, LLC, operates the restaurant located at 1798 SR 44 New Smyrna Beach, FL 32168.

10. This action is brought under Fla. Const. Art. X § 24 and the FLSA to recover from Defendant unpaid minimum wages and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331 and the FLSA.

12. This Court has jurisidiction over Plaintiffs' Fla. Const. Art. X § 24 claims pursuant to 28 U.S.C. §1367(a) as Plaintiffs' state law claims are so related to their FLSA claims that they form part of the same case or controversy.

13. During Plaintiffs' employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

14. As of April 2012, Defendant operated approximately one hundred sixty seven (167) Burger King restaurants throughout Florida and Texas. *See*

2

https://www.businesswire.com/news/home/20120416006453/en/BURGER-KING%C2%AE-Franchisee-Guillermo-Perales-Acquires-96.

15. During Plaintiffs' employment, Defendant employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which traveled in interstate commerce, including but not limited to computers, cash registers, cleaning supplies, and other tools/materials used to run the business.

16. Therefore, at all material times relevant to this action, Defendant, MAGIC BURGERS, LLC, was an enterprise covered by the FLSA and Fla. Const. Art. X § 24, and as defined by 29 U.S.C. §203(r) and 203(s).

17. Additionally, Plaintiffs are individually covered under the FLSA and Fla. Const. Art. X § 24 because they were engaged in interstate commerce by processing interstate credit card transcations and making interstate telephone calls.

**Minimum Wage and Overtime Violations**

18. At all times relevant to this action, Defendant failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiffs performed services for Defendant for which they were not paid full minimum wages and complete and proper overtime compensation.

19. During their employment with Defendant, Plaintiffs were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per workweek during one or more workweeks.

20. During their employment with Defendant, Plaintiffs routinely worked overtime hours, especially during the last month of their employment when their store was short-staffed.

21. On some occasions, Plaintiffs were specifically asked to perform work off the clock.

22. On other occasions, Plaintiffs would attempt to clock in/out for work and would be unable to. Plaintiffs' General Manager would promise to fix their time punches to accurately reflect their total hours worked but these issues were routinely not fixed.

23. Plaintiffs are entitled to at least the 2018 Florida minimum wage rate of $8.25 for all hours worked by them.

24. Plaintiffs are also entitled to an additional half-time premium ($4.13/Overtime hour) for all hours worked in excess of forty (40) per week.

25. Based upon the above policies, Defendants have violated Fla. Const. Art. X § 24 by failing to pay Plaintiffs at least the 2018 minimum wage rate for all hours worked.

26. Based upon the above policies, Defendants have also violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

27. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendant.

28. Plaintiffs have hired the below law firm and are obligated to pay them a reasonable fee if successful in this litigation.

29. All conditions precedent to this action have been performed or waived.

**COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)**

30. Paragraphs one (1) through twenty-nine (29) above are fully re-alleged and incorporated herein.

31. Plaintiffs are/were entitled to be paid the minimum wage for each hour worked per week.

32. Florida's minimum wage rate in 2018 was $8.25 per hour.

33. During their employment with Defendant, Plaintiffs were not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24.

34. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs minimum wages for each hour worked in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

35. Defendant did not have a good faith basis for its failure to pay Plaintiffs minimum wages for each hour worked.

36. As a result of Defendant's willful violation of the law, Plaintiffs are entitled to liquidated damages in an amount equal to the unpaid wages.

37. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, JENNIFER JONES and KAYLEY-LYNN JONES, demand judgment against Defendant for the payment of all unpaid minimum wages for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

38. Paragraphs one (1) through twenty-nine (29) above are fully re-alleged

and incorporated herein.

39. Plaintiffs are/were entitled to be paid the minimum wage for each hour worked per week.

40. During their employment with Defendant, Plaintiffs were not paid the minimum wage for each week of work performed in violation of the FLSA.

41. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs minimum wages for each hour worked in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

42. Defendant did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

43. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

44. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiff, JENNIFER JONES and KAYLEY-LYNN JONES, demand judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)**

45. Paragraphs one (1) through twenty-nine (29) above are fully re-alleged and incorporated herein.

46. Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per workweek.

47. During their employment with Defendant, Plaintiffs were not paid for all time worked as described above which resulted in Plaintiffs not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

48. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

49. Defendant did not have a good faith basis for its failure to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per workweek.

50. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

51. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, JENNIFER JONES and KAYLEY-LYNN JONES, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 19th day of March 2020.

                                          **/s/ JOLIE N. PAVLOS**
                                          Jolie N. Pavlos, Esq.
                                          FBN 0125571
                                          Morgan & Morgan, P.A.
                                          20 N. Orange Avenue
                                          Suite 1600
                                          Orlando, FL 32801
                                          Telephone: (407) 245-3517
                                          Facsimile: (407) 204-2206
                                          Email: JPavlos@forthepeople.com
                                          Attorneys for Plaintiffs