# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JENNIFER JONES and KAYLEY-LYNN JONES,

        Plaintiffs,

v.                             Case No:   6:20-cv-498-WWB-LHP

MAGIC BURGERS, LLC

        Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' UNOPPOSED AMENDED MOTION TO APPROVE ACCEPTANCE OF OFFERS OF JUDGMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. 62)**
>
> **FILED:** **January 31, 2022**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND.

On March 19, 2020, Plaintiffs Jennifer Jones and Kayley-Lynn Jones (collectively, "Plaintiffs") initiated this action for unpaid wages against Defendant Magic Burgers, LLC d/b/a Burger King ("Defendant"). (Doc. 1). Plaintiffs asserted claims for recovery of minimum wages under the Florida Constitution and recovery of minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (*Id.*, at 4-7). Defendant answered the complaint on May 11, 2020. (Doc. 20).

On July 8, 2021, Defendant served Plaintiffs with Offers of Judgment pursuant to Federal Rule of Civil Procedure 68. (Doc. 62, at 2; *see also* Doc. 62-1). On September 8, 2021, Plaintiffs filed a notice informing the Court that the parties had resolved Plaintiffs' claims for unpaid wages and liquidated damages by Plaintiffs' acceptance of Defendant's Offers of Judgment. (Doc. 50). Thereafter, on September 23, 2021, Plaintiffs filed their first motion asking the Court to approve their acceptance of Defendant's Offers of Judgment pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) and to award Plaintiffs attorneys' fees and costs. (Doc. 53).[1]

---

[1] Upon the filing of the motion, the undersigned ordered the parties to file a notice stating whether they had entered into any other agreement (oral or written) that had not yet been disclosed to the Court, and that was related in any way to the present case and contained any of the following provisions: (1) a release extending beyond the FLSA claims in this case, (2) a confidentiality provision, or (3) a non-disparagement provision. (Doc. 55). In their Joint Notice, the parties state

Upon review, the undersigned denied Plaintiffs' motion without prejudice, as the requests for attorneys' fees and costs were procedurally deficient and premature. (Doc. 58). The undersigned therefore ordered Plaintiffs to file a renewed motion for approval of Plaintiffs' acceptance of Defendant's Offers of Judgment. (*Id.*, at 6). On January 31, 2022, Plaintiffs filed the present amended motion, which again asks the Court to approve their acceptance of Defendant's Offers of Judgment pursuant to *Lynn's Food*. (Doc. 62). With the motion, Plaintiffs include Defendant's Offers of Judgment. (Doc. 62-1). The motion is unopposed. (Doc. 62, at 8).

The amended motion has been referred to the undersigned for issuance of a Report and Recommendation. Upon review, the undersigned will respectfully recommend that the motion be granted, and Plaintiffs' acceptance of Defendant's Offers of Judgment approved.

## II. APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at

---

that they have not entered into any other such agreements. (Doc. 56).

1353.  A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims.  *Id.* at 1353-55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The stage of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.  *Lynn's Food*, 679 F.2d at 1354.  There is a strong presumption in favor of settlement.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Courts in this District have held that Rule 68 offers of judgment are subject to judicial review under *Lynn's Food*.  *See, e.g., Doherty v. Good Shepherd Day Sch. of Charlotte Cnty., Inc.*, No. 2:18-cv-638-FtM-UA-UAM, 2019 WL 2177857, at *2 (M.D.

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Fla. May 3, 2019), *report and recommendation adopted*, 2019 WL 2173798 (M.D. Fla. May 20, 2019) ("Although there is no settlement agreement, it must still be determined whether the Rule 68 offer of judgment is a fair and reasonable resolution of a bona fide dispute of the claims raised pursuant to *Lynn's Food*.") (citing *Kingsley v. Noonan*, 6:12–cv–500–Orl–22TBS, 2012 WL 5378743, at *1 (M.D. Fla. Oct. 31, 2012))); *Hernandez v. R.S 1040 EZ Inc.*, No. 14-cv-20865, 2015 WL 12780628, at *1 (S.D. Fla. Feb. 26, 2015) (conducting fairness and reasonableness review under *Lynn's Food* where the plaintiff filed notice accepting the defendants' Rule 68 offer of judgment).

### III. ANALYSIS.

*A. Whether Plaintiffs Have Compromised Their FLSA Claims.*

In their answers to the Court's Interrogatories, Plaintiffs did not provide precise estimates of their damages. *See* Doc. 23-1. Rather, Plaintiffs stated that during their employment with Defendant,[3] their regular rate of pay was $8.25 per hour, and they worked around five to ten hours of overtime and "off-the-clock" work per week. (*Id.*, at 1-5). In the present motion however, Plaintiffs state that using time sheets and payroll records exchanged throughout the course of litigation, Plaintiffs were able to prepare a damages calculation, in which they

---

[3] Plaintiff Jennifer Jones worked for Defendant from May 2018 to October 2018, while Plaintiff Kayley-Lynn Jones worked for Defendant from July 2018 to October 2018. (*Id.*, at 1, 4).

determined that the value of their unpaid wages was $3,013.03 for Plaintiff Jennifer Jones and $1,197.41 for Plaintiff Kayley-Lynn Jones. (Doc. 62, at 6-7). In the Offers of Judgment, which Plaintiffs accepted, Defendant offered to settle Plaintiff Jennifer Jones' wage claims for $1,250.00 and Plaintiff Kayley-Lynn Jones' wage claims for $750.00. (Docs. 62-1; *see* Doc. 50).[4] Because both Plaintiffs will receive less in settlement than their initial demand, this case involves a compromise of each Plaintiffs' claims within the meaning of *Lynn's Food*. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009) ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

  *B. Reasonableness of the Settlement Amount.*

Because Plaintiffs have compromised their FLSA claims, the Court must, under *Lynn's Food*, evaluate whether the settlement amounts that they agreed to accept is reasonable. In the motion, Plaintiffs state that during the litigation of this action, the parties were represented by experienced counsel. (Doc. 62, at 6). Plaintiffs explain that this case involved numerous disputed issues, specifically: (1) whether Plaintiffs performed work for Defendant "off-the-clock" in which they were not properly compensated; (2) if so, whether Defendant instructed Plaintiffs

---

[4] The Offers of Judgment do not include a sum to settle attorneys' fees. *See* Doc. 62-1; Doc. 62, at 7.

- 6 -

to perform work "off-the-clock" or whether Defendant was otherwise aware Plaintiffs performed work "off-the-clock"; and (3) whether Defendant knew or should have known that any such failure to pay Plaintiffs for all time worked was a violation of the FLSA. (*Id.*). Plaintiffs further explain that although they are confident that they would have "a high likelihood of success" at trial, they understand the potential risks and uncertainties of a trial, particularly during a global pandemic. (*Id.*, at 7). Further, Plaintiffs represent that just prior to accepting the Offer of Judgment, Plaintiff Kayley-Lynn Jones had just learned she was pregnant, and both Plaintiffs therefore prefer to resolve this case without any lingering uncertainty. (*Id.*).

Because these representations adequately explain the reasons for the compromise of Plaintiffs' respective wage claims, I respectfully recommend that the Court find the amount of the compromise reasonable. *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

    C. *Other Terms of the Settlement*.

The undersigned next considers whether the Offers of Judgment contain any problematic provisions which could taint the reasonableness and fairness of the parties' settlement. Both Offers of Judgment state that, "[t]here are no other conditions or non-monetary terms to this Proposal other than the following: upon

acceptance of this Proposal, Plaintiff shall voluntarily dismiss, with prejudice, any and all claims that are or could be brought *in this action* against Defendant."  (Doc. 62-1, at 2 ¶ 6, 6 ¶ 6) (emphasis added).   Because this release is limited to the wage claims in the present action, the undersigned finds that this provision does not taint the settlement.  *See, e.g.*, *Hollis v. Petry*, No. 6:19-cv-1070-Orl-78DCI, 2019 WL 11499491, at *3 (M.D. Fla. Oct. 9, 2019) (approving release in FLSA settlement agreement limited to "any and all known or unknown wage and hour and wage/pay-related claims, demands, actions, or causes of action arising or accruing on or before the date of Plaintiff's execution of this Agreement, including those brought or which could have been brought under the FLSA in the Lawsuit or under any other federal, state, or local laws or ordinances, or common law ...."), *report and recommendation adopted*, 2019 WL 11499490 (M.D. Fla. Oct. 28, 2019); *Yong Yuan Wang v. Mandarin Glen Cove, Inc.*, No. 18-cv003266-DLI-CLP, 2019 WL 5695910, at *2 (E.D.N.Y. Sept. 30, 2019) (finding settlement of plaintiff's claim for FLSA overtime wages through acceptance of Rule 68 offer of judgment to be fair and reasonable where offer contained release of claims against defendants, but release was limited to the wage and hour claims that were the subject of the action).

Accordingly, the undersigned respectfully recommends that the Court find the release provision to be limited in scope and Plaintiffs' acceptance of Defendant's

Offers of Judgment to be a fair and reasonable compromise of Plaintiffs' claims.[5]

**IV.    CONCLUSION**.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Plaintiffs' Unopposed Amended Motion to Approve Acceptance of Offers of Judgment (Doc. 62);

2. **APPROVE** Plaintiffs' acceptance of Defendant's Offers of Judgment;

3. **DISMISS** this case with prejudice; and thereafter

4. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

---

[5] Aside from this release provision, there are no other terms or provisions within the Offers of Judgment that require judicial scrutiny.

Recommended in Orlando, Florida on February 11, 2022.

*[Signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record